UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSHUA SMILKO ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| MIDLAND CREDIT ) | JURY TRIAL DEMANDED |
| MANAGEMENT, INC. ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Joshua Smilko, by and through his undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Joshua Smilko (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains an office address in this district.

## III. PARTIES

4. Plaintiff, Joshua Smilko, is an adult natural person residing at 1415 Main Street, Lot 13, Dunedin, Florida, 34698. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midland Credit Management, Inc. (Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its address at Dept. 12421, P.O. Box 603, Oaks, PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around April of 2011, Plaintiff paid $250.00 to Verizon for an alleged bill owed and at the same time closed the Verizon account.

8. In or around February of 2012, Plaintiff began receiving calls from Defendant collecting on the same alleged debt on the Verizon account which the Plaintiff had previously paid and closed.

9. Defendant is alleging there is a $500.00 debt on the account.

10. Plaintiff was denied validation and any clarification of the debt and status of the account when requested.

11. Defendant's female agent began calling Plaintiff four to five times per week since February.

12. Plaintiff continued to request validation before making any payments on the alleged account.

13. Defendant's female agent continued to call Plaintiff and continued to deny his request for validation.

14. Plaintiff received no written confirmation or validation on the alleged debt.

15. Defendant's female agent repeatedly threatened Plaintiff regarding prosecution, taking control of his bank account, and garnishing wages from future paychecks about five to six times over a period of four weeks.

16. On March 15, 2012, Plaintiff mailed out a cease and desist letter to Defendant's Oaks, PA address.  **See Exhibit "A" attached hereto.**

17. On and around April 5th, 19th and 26th 2012, Defendant's female agent continued to call and threaten Plaintiff, after the aforementioned cease and desist letter was sent, stating if the balance on the alleged account was not paid in full, charges would be brought against Plaintiff.

18. Plaintiff received no calls from any other collection agencies during the time period of receiving calls from the Defendant.

19. Plaintiff still has yet to receive validation or any verification of alleged account despite numerous requests.

20. Plaintiff is still receiving calls from Defendant by means of restricted and unavailable numbers.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(c): After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(4): Nonpayment of debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§ 1692e(5): Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:   Failure to send the consumer a 30-day validation notice within five days of the initial communication

§ 1692g(a)(1): Must state Amount of Debt

§ 1692g(a)(3): Must state Right to dispute within 30 days

§ 1692g(a)(4): Must state Right to have Verification/Judgment Mailed to Consumer

§ 1692g(b):   Collector must cease collection efforts until debt is validated

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Midland Credit Management, Inc. for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: May 4, 2012                BY: */s/ Brent F. Vullings BFV8435*
                                 Brent F. Vullings, Esquire

                                 Vullings Law Group, LLC
                                 3953 Ridge Pike
                                 Suite 102
                                 Collegeville, PA  19426
                                 610-489-6060   Fax 610-489-1997
                                 Attorney for Plaintiff